FILED
MAY 2 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T.F.<br>By her mother and next friend<br>ANGELIQUE MOORE<br>2436 Wagner Avenue SE<br>Washington, D.C. 20020<br><br>and<br><br>ANGELIQUE MOORE<br>2436 Wagner Avenue SE<br>Washington, D.C. 20020<br><br>      Plaintiffs,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA,<br>A Municipal Corporation<br>1350 Pennsylvania Avenue, NW<br>Washington, D.C. 20004<br><br>and<br><br>CLIFFORD B. JANEY, Ed.D,<br>Superintendent,<br>Chief State School Officer (in his<br>official capacity),<br>District of Columbia Public Schools<br>825 N. Capitol St. N.E.<br>Washington, D.C. 20002<br><br>      Defendants. | CASE NUMBER 1:06CV00954<br><br>JUDGE: Richard J. Leon<br><br>DECK TYPE: Civil Rights (non-employment)<br><br>DATE STAMP: 05/22/2006 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs T.F. and Angelique Moore, by their attorneys, for their Complaint against the District of Columbia and the Superintendent and Chief State School Officer of the District of Columbia Public Schools, Clifford B. Janey, Ed.D, aver as follows:

## NATURE OF ACTION

1. This action is brought under the Individuals with Disabilities Education Act (the "IDEA"), as amended, 20 U.S.C. §§ 1400 *et seq.*, seeking relief from an administrative Hearing Officer's Determination dated February 22, 2006.

2. Under the IDEA, children with disabilities are entitled to a free appropriate public education ("FAPE"). Children who are denied FAPE and their parents are entitled to an administrative due process hearing at which they may seek appropriate relief. Such relief may include an award of compensatory education, which consists of education and related services paid for by the entity responsible for the denial of FAPE that supplement a child's current academic programs. The purpose of compensatory education awards is to remedy the effects of past deficiencies in the educational programs of children with disabilities.

3. Plaintiff T.F. is an eleven-year old girl with significant learning disabilities and attention deficit/hyperactivity disorder ("ADHD"). She has been a student at Accotink Academy since July 14, 2005.

4. Prior to T.F.'s enrollment at Accotink Academy, defendants denied FAPE to her for almost three years. During that time, she showed almost no academic progress. T.F.'s test results from April 2005 were virtually identical to her results from October 2002. The denial of FAPE has caused an "educational deficit" -- the difference between the academic level at which T.F. actually was performing as of July 14, 2005, and the level at which she should have been performing as of that date but for the denial of FAPE.

5. Through the administrative processes established under the IDEA, plaintiffs sought an award of compensatory education. Plaintiffs offered expert testimony that,

as a supplement to her program at Accotink, T.F. required substantial amounts of individualized tutoring to eliminate the educational deficit and thus to make up for the denial of FAPE.

6. Upon information and belief, defendants presented no evidence or argument on the issue of compensatory education.

7. The administrative Hearing Officer issued a decision that was contrary to the evidence and to controlling law. The Hearing Officer erred by delegating to defendants the authority to design and implement a compensatory education plan and by imposing obligations on a non-party.

8. Moreover, the Hearing Officer's award of a total of five hours of after-school tutoring to compensate for a multi-year denial of FAPE was inappropriate, arbitrary, and grossly inadequate in light of the evidence in the record.

9. Plaintiffs seek a declaration that defendants violated plaintiffs' rights under the IDEA by failing to provide FAPE to T.F. during the period March 1, 2003 to July 14, 2005, and that the relief granted by the Hearing Officer was inappropriate because it failed to adequately compensate T.F. for defendants' denial of FAPE. In addition, plaintiffs request that the Court order defendants to pay for individualized educational services in an amount necessary to place T.F. in the same situation she would have been in but for the denial of FAPE.

10. Plaintiffs further request that this Court award them reasonable attorneys' fees and costs of this action and any other appropriate relief.

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to the IDEA, 20 U.S.C. § 1415(i)(2), and 28 U.S.C. §§ 2201, 2202, and 1331.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

13. Plaintiff T.F. is and, at all times relevant to the claims asserted in this complaint, was a resident of the District of Columbia.

14. Plaintiff Angelique Moore is the mother and custodian of T.F. Ms. Moore resided with T.F. in the District of Columbia at all times relevant to the claims asserted herein. Ms. Moore brings this action on behalf of T.F. and in her own right.

15. Plaintiffs T.F. and Angelique Moore are aggrieved parties within the meaning of the IDEA, 20 U.S.C. § 1415(i)(2).

16. Defendant District of Columbia, a municipal corporation, is the entity that receives funds from the United States Department of Education for use in ensuring that children with disabilities in the District of Columbia are afforded all rights guaranteed to them under the IDEA.

17. Clifford B. Janey, Ed.D, is the Superintendent and Chief State School Officer of the District of Columbia Public Schools. Dr. Janey is responsible for implementing policies and plans that meet the requirements of the IDEA, this Court's decision in *Mills v. D.C. Board of Education,* 348 F. Supp. 866 (D. D.C. 1972), and the rules and regulations of the District of Columbia Board of Education with respect to the education of children with disabilities. This action is brought against Dr. Janey in his official capacity.

## FACTUAL ALLEGATIONS

18. During all times relevant to the claims herein, T.F. had significant learning disabilities and ADHD, and as a result required special education and related services. Thus, she was a child with disabilities as that term is defined by the IDEA and was entitled to special education and related services in the District of Columbia pursuant to the IDEA, this Court's decision in *Mills v. D.C. Board of Education,* and District of Columbia Board of Education rules and regulations.

19. Under the IDEA, once a child is recognized to have a disability, a team consisting of a representative of the local educational agency (in the District of Columbia, the District of Columbia Public Schools), select teachers, the child's parents, and others as necessary is required to develop an individualized education program (an "IEP").

20. In T.F.'s case, a succession of IEPs were prepared beginning in January 2003.

21. The January 2003 IEP was inadequate and inappropriate.

22. IEPs prepared for T.F. in January 2004 and June 2004 were largely identical to the January 2003 IEP, and likewise were inadequate and inappropriate.

23. The placements that defendants provided for T.F. from March 1, 2003 through the end of school year 2004-2005 were not appropriate.

24. Defendants denied T.F. a free appropriate public education from no later than March 1, 2003 through the end of school year 2004-2005.

25. Tests administered in October 2002, when T.F. was in first grade, showed that she was performing at a kindergarten level. Tests administered in April 2005,

when T.F. was in third grade, showed that she was still performing at a kindergarten level in almost all areas.

26. Had defendants provided T.F. with a free appropriate public education from March 1, 2003 through the end of school year 2004-2005, she would likely have been performing at a much higher level by April 2005.

27. Plaintiffs filed an administrative complaint under the IDEA on March 1, 2005.

28. An administrative Due Process Hearing was held before an independent hearing officer ("Hearing Officer") on May 11, 2005. Plaintiffs argued that defendants had denied FAPE to T.F. and reserved their right to seek an award of compensatory education services at the subsequent due process hearing.

29. On May 24, 2005, the Hearing Officer determined that T.F.'s appropriate disability classification was "learning disabled," and that defendants had denied FAPE to T.F. The Hearing Officer's decision did not explicitly state the time period during which defendants denied FAPE. The Hearing Officer ordered defendants to pay T.F.'s tuition at Accotink Academy beginning July 14, 2005. The Hearing Officer delegated the determination of any compensatory education award to T.F.'s IEP team.

30. On May 26, 2005, plaintiffs filed a motion for reconsideration of the May 24, 2005 Hearing Officer Determination on the ground that the decision improperly delegated the determination of any compensatory education award to the IEP team. Plaintiffs sought the opportunity to have an independent hearing officer: (1) determine the length of time during which T.F. was denied FAPE; and (2) order an award of compensatory education designed to place T.F. in the same position she would have been in but for the denial of FAPE.

6

31. Plaintiffs' motion for reconsideration was granted on October 31, 2005.

32. The parties were ordered to file briefs on the issue of compensatory education. Plaintiffs filed their brief on December 16, 2005. Plaintiffs presented documentary evidence and expert testimony through affidavit establishing that defendants had denied T.F. FAPE from January 2003 to July 14, 2005.

33. Plaintiffs sought individualized educational services, to be paid for by defendants, to compensate for the denial of FAPE. The services would be provided until such time as T.F. performs at a level equal to where she would have been performing but for the denial of FAPE.

34. On information and belief, defendants did not file a brief or submit any evidence on the issue of compensatory education; they made no filing in opposition to the brief and evidence plaintiffs filed on December 16, 2005.

35. The Hearing Officer's Determination with respect to compensatory education issued on February 22, 2006.

36. The Hearing Officer found that T.F. "must have a compensatory education plan calculated to provide appropriate relief." He described as "necessary" the intensive and specialized services plaintiffs had sought. The decision on rehearing did not explicitly state the dates during which defendants denied FAPE to T.F.

37. The Hearing Officer directed defendants, in conjunction with Accotink Academy, to pre-test T.F., to develop and implement a compensatory education plan to include a total of five hours of after-school tutoring, and to conduct post-testing after a period of three months to determine the impact of the compensatory education program.

## COUNT I

(Violation of 20 U.S.C. §§ 1412, 1414-15)

38.     Plaintiffs incorporate the allegations of paragraphs 1-37 above as if fully restated herein.

39.     The Hearing Officer's Determination violated plaintiffs' rights under the IDEA, failed to provide appropriate relief, and was contrary to the evidence in the record to the extent that: (1) it failed to provide for the individualized services necessary to place T.F. in the same position she would have been in but for the denial of FAPE from March 1, 2003 to July 14, 2005; (2) it gave defendants control over the compensatory education award; and (3) it ordered Accotink Academy, a non-party, to provide relief.

## COUNT II

(Violation of 20 U.S.C. §§ 1412, 1414-15)

40.     Plaintiffs incorporate the allegations of paragraphs 1-39 above as if fully restated herein.

41.     The Hearing Officer's Determination violated plaintiffs' rights under the IDEA, failed to provide appropriate relief, and was contrary to the evidence in the record to the extent that it failed to state that defendants denied FAPE to T.F. for the full period of March 1, 2003 to July 14, 2005.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter judgment in their favor and:

a.      Enter a declaratory judgment that the relief ordered by the Hearing Officer on February 22, 2006 violated plaintiffs' rights under the IDEA, failed to provide

appropriate relief, and was contrary to the evidence in the record because it did not adequately compensate plaintiffs for defendants' denial of FAPE to T.F.;

   b.  Enter a declaratory judgment that the relief ordered by the Hearing Officer on February 22, 2006 violated plaintiffs' rights under the IDEA, failed to provide appropriate relief, and was contrary to the evidence in the record because it gave defendants control over the compensatory education award;

   c.  Enter a declaratory judgment that T.F. was denied FAPE from March 1, 2003 to July 14, 2005;

   d.  Order defendants to pay such sums and to take such other steps as are necessary to ensure that T.F. receives individualized private tutoring and other educational services that are reasonably calculated to provide the educational benefits that likely would have accrued to her from special educational services defendants should have provided during the period from March 1, 2003 to July 14, 2005;

   e.  Award reasonable attorneys' fees and costs to plaintiffs for the prosecution of this matter, including those provided for under the IDEA, 20 U.S.C. § 1415; and

   f.  Provide such other relief as may be deemed reasonable, just and appropriate.

Respectfully submitted,

Dated: May 22, 2006

*(signature: Carolyn F. Corwin)*

Carolyn F. Corwin (D.C. Bar No. 939355)
Edward M. Mathias (D.C. Bar No. 479264)*
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, DC 20004-2401
Telephone: (202) 662-6000
Fax: (202) 662-6291

Robert I. Berlow (D.C. Bar No. 928069)
805 Fairfield Estates Court
Crownsville, MD 21032
Telephone: (301) 912-2281
Fax: (301) 912-2282

*Admitted to the Bar of the District of Columbia, but not admitted to practice before this Court. Petition for admission is pending.

ATTORNEYS FOR PLAINTIFFS