# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| T.F., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:06CV00954 |
| ) | (RJL) |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | **[PROPOSED] ORDER** |
| ) | **GRANTING PLAINTIFFS'** |
| ) | **MOTION FOR** |
| Defendants. ) | **SUMMARY JUDGMENT** |
| ) | |

Upon consideration of Plaintiffs' Motion for Summary Judgment, the papers filed in support thereof and in response thereto, and good cause having been shown, it is **ORDERED** that Plaintiffs' Motion for Summary Judgment is **GRANTED**.

It is further **ORDERED** that:

1. Defendants shall pay for T.F. to receive individualized academic tutoring, speech language therapy, education-related evaluation and consultation, and behavioral counseling after school, on weekends, on school holidays, and during summer vacation for as many hours as T.F.'s mother, plaintiff Angelique Moore, determines is feasible and advisable in light of the circumstances. If testing reveals that T.F. has not closed the educational deficit in all three areas referred to in Table 1, below, by April 2012, T.F. also may receive job training and other transitional services at defendants' expense;

2. T.F.'s mother, Angelique Moore, shall have the final authority to determine the mix of services to be provided and the service providers to be used. However, Ms.

Moore shall consult with T.F.'s IEP team regarding the services T.F should receive. If Ms. Moore is incapable of exercising her authority under this order during any period, T.F.'s sister LaShauntya Denise Moore Reynolds shall take her place during such period.

3. Defendants shall arrange for T.F. to be tested in April of each year, beginning in 2007, using the Wechsler Individual Achievement Test (WIAT) for skills in word reading, reading comprehension and math reasoning at defendants' expense. If, in any year, T.F.'s scores in each of those categories are equal to or greater than the scores shown in Table 1, defendants shall have no further obligation to provide compensatory education services or training. If there is a dispute between the parties as to whether the testing shows T.F. has achieved scores equal to or greater than those shown in Table 1, either party may file a hearing request with the District of Columbia Public Schools' Student Hearing Office and may obtain a resolution through that hearing process. In any event, defendants shall have no obligation to provide compensatory education services or training after T.F. turns nineteen years of age.

**Table 1**

| Testing Date | Word Reading | Reading Comprehension | Math Reasoning |
|---|---|---|---|
| April 2007 | 2:3 | 3:2 | 2:6 |
| April 2008 | 2:8 | 3:7 | 3:1 |
| April 2009 | 3:3 | 4:2 | 3:6 |
| April 2010 | 3:8 | 4:7 | 4:1 |
| April 2011 | 4:3 | 5:2 | 4:6 |
| April 2012 | 4:8 | 5:7 | 5:1 |
| April 2013 | 5:3 | 6:2 | 5:6 |
| April 2014 | 5:8 | 6:7 | 6:1 |

4. Defendants shall pay for all services, training and/or testing described in this order, capped at a rate of $150 per hour (or any higher rate defendants may adopt in the future for payments for similar services). Defendants shall provide a letter specifying the

procedure to be followed by service providers to obtain payment. If the procedure requires that any forms be filled out, copies of all such forms shall be provided with the letter. Payments to service providers shall be made not later than 20 calendar days following defendants' receipt of the service provider's invoice, notwithstanding any other procedure that may apply in other cases.

Dated: _____

_____
RICHARD J. LEON
United States District Judge